**ELECTRONICALLY FILED**
**COURT OF COMMON PLEAS**
**Thursday, December 1, 2022 9:47:06 AM**
**CASE NUMBER: 2022 CV 05384 Docket ID: 101362878**
**Mike Foley**
**CLERK OF COURTS MONTGOMERY COUNTY OHIO**

## IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| JIMMIE GREEN | ) | CASE NO. |
| 3077 Pinnacle Park Dr. | ) | |
| Moraine, OH 45439 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| HART & COOLEY LLC | ) | |
| 1 Lau Pkwy. | ) | **JURY DEMAND ENDORSED** |
| Englewood, OH 45322 | ) | **HEREIN** |
| | ) | |
| **Serve Also:** | ) | |
| Hart & Cooley LLC | ) | |
| c/o CT Corp. System (Stat. Agent) | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, OH 43219 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Jimmie Green, by and through undersigned counsel, as his Complaint against the

Defendant, states and avers the following:

### PARTIES

1. Green is a resident of the city of Moraine, Montgomery County, Ohio.

2. Defendant HART & COOLEY LLC ("Hart & Cooley") is a foreign-incorporated business that

   conducts business within the state of Ohio and others.

3. The relevant location of the events and omissions of this Complaint took place was 6613

   Thompson Rd., Cincinnati, OH 45247.

4. Hart & Cooley is, and at all times hereinafter mentioned, was Green's employer within the

   meaning of the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S. Code §

**EXHIBIT**

**A**

634, Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e, and R.C. § 4112 et seq.

## JURISDICTION & VENUE

5. All of the material events alleged in this Complaint occurred in or around Montgomery County, Ohio.

6. Therefore, personal jurisdiction is proper over Defendant pursuant to Ohio Revised Code §2307.382(A)(1), (3) and/or (4).

7. Venue is proper pursuant to Civ. R. 3(B)(2), (3) and/or (5).

8. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

9. Within 300 days of the adverse employment actions described herein, Green filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2022-00521 ("EEOC Charge").

10. On or about September 7, 2022, the EEOC issued and mailed the Notice of Right to Sue letter to Green regarding the EEOC Charge.

11. Green received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

12. Green has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

13. Green has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

## FACTS

14. Green is a former employee of Hart & Cooley.

15. At all times noted herein, Green was qualified for his position(s) at Hart & Cooley.

2

16. At all times noted herein, Green could fully perform the essential functions of his job(s), with or without a reasonable accommodation.

17. Green worked for Hart & Cooley as a Forklift Driver from February 2, 2019, until Hart & Cooley unlawfully terminated his employment on or around October 29, 2021. Green found this position through a temp agency.

18. Green is a 61-year-old, African American man; therefore, Green is in protected classes for his age and race, respectively.

19. Green was interviewed by Supervisor Todd LNU (Caucasian, mid-20s) and trained by Maintenance Employee Ron Spellman (Caucasian, mid-50s).

20. Green's training mostly hands-off and almost nonexistent. After passing the forklift driving test, Green was told not to hit anything.

21. Spellman told Green that if he did hit anything, he would need to report it immediately.

22. Green was never trained or told about Hart & Cooley's expectation of label quotas or trained on how to operate the company computers.

23. Green learned on the job, taking cues from the other temp workers who had been with Hart & Cooley longer.

24. After a few weeks, Green began experiencing disparate treatment from Todd LNU and Manager Matt Molding (Caucasian, mid-20s).

25. Todd LNU and Molding would frequently complain about Green working too slowly to meet the daily label quota.

26. It was not uncommon for Green to miss the daily label quota, not because he was working slow, but because there weren't enough incoming shipments on any given day to reach the quota.

27. Further, on the days when Green got zero labels, it was because he was assigned a cleaning job instead of a labeling job.

28. These complaints and reprimands frustrated Green because other employees who were doing the same work were disparately not being similarly reprimanded.

29. In or around Spring 2020, there was an incident where Shift Leader Brad LNU (Caucasian, 30s), assigned Green and Forklift Driver Shane LNU (Caucasian, age unknown) to a picker role for the day.

30. Shane LNU refused, threatening to walk off the job if he was forced to work a picker shift.

31. When Brad LNU permitted Shane LNU to work a different position, he made Forklift Driver Gary Walker (African American, late 60s) to work the picker shift in his place.

32. Brad LNU permitted the young, Caucasian employees to refuse work, but forced the older, African American employees to work unfavorable shifts.

33. Green made a protected complaint about this discriminatory incident to Todd LNU.

34. Instead of launching an investigation or appropriately responding to Green's complaint, Todd LNU threatened Green saying that Brad LNU was in charge and if he did not like that, he could resign.

35. Shortly after this incident, Green was called into the office and reprimanded for placing an item in the wrong place. Todd LNU told Green that this was a warning.

36. This reprimand was taken against Green in a retaliatory effort to persuade Green and others not to make similar protected complaints at Hart & Cooley.

37. Eager to show Todd LNU that he was trying to improve, Green asked Todd LNU for extra training and asked if Todd LNU would be willing to take pictures of the errors to show him how to improve.

38. Todd LNU flatly refused, saying that if Green messed up one more time, he was gone.

39. Green was shocked at Todd LNU's immature, defensive response, so he went to Human Resources to report Todd LNU's behavior. This reprimand and threat of termination were both adverse actions against Green.

40. Green had complained about Todd LNU's behavior in 2019, 2020, and 2021, but nothing ever changed.

41. In or around Summer 2021, a new Forklift Driver (name unknown, "Forklift Driver", African American, early 20s), was working a shift when he crashed into a rail, denting it badly and creating a dangerous situation.

42. This Forklift Driver was drug tested and fired after the test results returned.

43. From this, Green learned that it was a Hart & Cooley policy to drug test Forklift drivers after crashes.

44. Around this same time, Green overheard a conversation between Brad LNU and Shane LNU, where they said they didn't like "Black music."

45. On or around October 19, 2021, Green came into work for a normal shift. During this shift, only one shipment was delivered.

46. Naturally, the lack of work prevented Green from reaching the label quota, but this was not unusual.

47. On or around October 26, 2021, Green was called into a meeting with Supervisor Chris LNU (Caucasian, 40s) and Molding.

48. Chris LNU interrogated Green about why he missed his label quota on the 19th.

49. At the time, Green could not remember what happened at work on the 19th.

50. While Green was trying to recall, Chris LNU and Molding started to yell at him, threatening him, saying that he could be easily replaced and that he was not cut out for the job.

51. Chris LNU and Molding did not similarly berate Caucasian employees for missing quotas.

52. Because he couldn't remember the events of October 19th, Green suggested that Chris LNU and Molding look at the security footage for the day. Regardless of what Green was doing, he was confident that he was working hard and that the tapes would reflect that.

53. After leaving this meeting, Green went out onto the warehouse floor for his normal shift.

54. Unfortunately, during this shift, Green hit a railing with the forklift.

55. Seeing that it was only a small dent, Green immediately reported the hit to an employee (name unknown, race unknown, age unknown). This employee told Green to tell someone else before he got into serious trouble.

56. Green then tried to report the incident to Molding but was unsuccessful because Molding had already left for the day.

57. Green was able to report the incident to Walker, but couldn't find another superior before the end of his shift.

58. On or around October 30, 2021, Chris LNU and Molding called Green into another meeting, where he was disciplined for hitting the rail with a forklift. Green was told that he could have hurt someone.

59. Green made sure to note that he reported this issue to many employees; however, by the end of the meeting, Green's employment was terminated for failing to report the incident.

60. Green was confused about his sudden termination because he was not required to take a drug test like Forklift Driver was and had not been walked through the progressive disciplinary policy.

6

61. In disparate comparison, Spellman called Green saying he was confused about Green's termination because another forklift driver, Jeff LNU (Caucasian, late 60s), hit things with a forklift almost daily and was not terminated or otherwise reprimanded for it.

62. Hart & Cooley treated its younger, Caucasian employees more favorably than its African American employees.

63. For instance, Brad LNU's permitted younger, Caucasian employee(s) to opt out of less favorable shifts but forced older, African American employee(s) to work them.

64. Hart & Cooley disproportionately tolerated forklift crashes when they were perpetuated by younger, Caucasian employees, but was quick to fire its older, African American employees for similar incidences.

65. Hart & Cooley previously set the standard that forklift operators would only be fired for unreported crashes when the operator failed a drug test.

66. However, Green was terminated for a small crash, after he reported it to many people, and he was never drug tested.

67. Disparately, younger, Caucasian employee Jeff LNU hit things with a forklift many times but was never disciplined or terminated.

68. After Brad LNU started consistently perpetuating race discrimination in the workplace by forcing older, African American employees to work less favorable shifts while permitting younger, Caucasian employees to opt out of them, Green complained to Todd LNU.

69. Instead of launching an investigation into this protected complaint, Todd LNU unprofessionally yelled at Green, telling him that if he did not like the way Brad LNU treated him, he could resign.

70. Shocked, Green reported Todd LNU's behavior to HR multiple times; however, HR never followed up with him regarding his complaints.

71. Soon after Green's complaint to Todd LNU and HR, Todd LNU began unreasonably disciplining Green, once even threatening to fire him for placing a tool in the wrong place.

72. The above facts demonstrate that Defendant engaged in a pattern and practice of age and race discrimination.

73. The above facts demonstrate that Defendant engaged in a pattern and practice of unlawful retaliation.

74. There was a causal connection between Green's age and race and Defendant's termination of Green.

75. As a result of Hart & Cooley's acts and omissions, Green has suffered, and will continue to suffer, damages.

## COUNT I: AGE DISCRIMINATION UNDER THE ADEA

76. Green restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

77. Throughout his employment, Green was fully competent to perform his essential job duties.

78. Defendant treated Green differently than other similarly situated employees based on his age.

79. Defendant violated the ADEA by discriminating against Green due to his age.

80. Hart & Cooley terminated Green without just cause.

81. Alternatively, Defendant's cited reason for terminating Green's employment was pretext.

82. At all times material herein, similarly-situated younger employees were not terminated without just cause.

83. Defendant terminated Green based on his age.

84. Defendant violated the ADEA when it terminated Green based on his age.

85. Green suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADEA.

86. As a direct and proximate result of Defendant's conduct, Green has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: AGE DISCRIMINATION UNDER R.C. § 4112 et seq.

87. Green restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

88. Throughout his employment, Green was fully competent to perform his essential job duties.

89. Defendant treated Green differently than other similarly situated employees based on his age.

90. Defendant violated R.C. § 4112.02(A) et seq.by discriminating against Green due to his age.

91. Hart & Cooley terminated Green without just cause.

92. Alternatively, Defendant's cited reason for terminating Green's employment was pretext.

93. At all times material herein, similarly-situated younger employees were not terminated without just cause.

94. Defendant terminated Green based on his age.

95. Defendant violated R.C. § 4112.01 et seq. when it terminated Green based on his age.

96. Green suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 et seq.

97. As a direct and proximate result of Defendant's conduct, Green has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT III: RACIAL DISCRIMINATION IN VIOLATION OF R.C. §4112 et seq.

98. Green restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

99. Green is African American, and thus is in a protected class for his race.

100. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

101. Defendant treated Green differently than other similarly situated employees based upon his race.

102. Defendant's termination of Green was an adverse employment action against him.

103. Defendant's purported reason(s) for Green's termination was pretextual.

104. Defendant actually terminated Green's employment due to his race.

105. Defendant violated R.C. § 4112 et seq. by terminating Green because of his race.

106. Defendant violated R.C. § 4112 et seq. by treating Green differently from other similarly situated employees outside his protected class.

107. Defendant violated R.C. § 4112 et seq. by applying its employment policies in a disparate manner based on Green's race.

108. Defendant violated R.C. § 4112 et seq. by applying its disciplinary policies in a disparate manner based on Green's race.

109. Green incurred emotional distress damages as a result of Defendant's conduct described herein.

110. As a direct and proximate result of Defendant's acts and omissions, Green has suffered and will continue to suffer damages.

## COUNT IV: RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII

111. Green restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. Green is African American, and thus is in a protected class for his race.

113. Title VII provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

114. Defendant treated Green differently than other similarly situated employees based upon his race.

115. Defendant's termination of Green was an adverse employment action against him.

116. Defendant's purported reason for Green's termination was pretextual.

117. Defendant actually terminated Green's employment due to his race.

118. Defendant violated Title VII by terminating Green because of his race.

119. Defendant violated Title VII by treating Green differently from other similarly situated employees outside his protected class.

120. Defendant violated Title VII by applying its employment policies in a disparate manner based on Green's race.

121. Defendant violated Title VII by applying its disciplinary policies in a disparate manner based on Green's race.

122. Green incurred emotional distress damages as a result of Defendant's conduct described herein.

123. As a direct and proximate result of Defendant's acts and omissions, Green has suffered and will continue to suffer damages.

## COUNT V: RETALIATORY DISCRIMINATION

124. Green restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

125. As a result of the Defendant's discriminatory conduct described above, Green complained about the disability discrimination he was experiencing.

126. Subsequent to Green reporting of discrimination to his supervisor and employer, Green's employment was terminated.

127. Defendant's actions were retaliatory in nature based on Green 's opposition to the unlawful discriminatory conduct.

128. Pursuant to R.C. §4112.02(I), Title VII, and the ADEA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

129. Green suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADEA, Title VII, and R.C. § 4112.01 et seq.

130. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Green, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Green demands from Defendant the following:

a) Issue a permanent injunction:

i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

12

    iii.    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv.    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v.    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge Green's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Green for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Green's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,


   /s/ Evan R. McFarland   
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
     Trial Attorney
Brianna R. Carden (0097961)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:   (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

Attorneys for Plaintiff Jimmie Green


## JURY DEMAND

Plaintiff Jimmie Green demands a trial by jury by the maximum number of jurors permitted.


   /s/ Evan R. McFarland   
Evan R. McFarland (0096953)

14

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Cincinnati Area Office**
550 Main Street, Suite 10-191
Cincinnati, OH 45202
(513) 914-6007
Website:  www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/07/2022

**To:** Jimmie Green
3077 Pinnacle Park Dr
Moraine, OH 45439

Charge No: 473-2022-00521

EEOC Representative and email:    James Webb
Investigator
james.webb@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 473-2022-00521.

On behalf of the Commission,

Digitally Signed By:Michelle Eisele
09/07/2022

Michelle Eisele
District Director

**Cc:**
Robert  Rosenthal
Howard & Howard Attorneys PLLC
3800 HOWARD HUGHES PKWY STE 1000
Las Vegas, NV 89169

Matt Cole
1 Lau Pkwy
Clayton, OH 45315

Evan McFarland
The Spitz Law Firm
11260 Chester Rd Suite 825
Cincinnati, OH 45246


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 473-2022-00521 to the District Director at Michelle Eisele, 1010 West Ohio St Suite 1900

Indianapolis, IN 46204.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

**ELECTRONICALLY FILED**
**COURT OF COMMON PLEAS**
**Thursday, December 1, 2022 5:47:06 AM**
**CASE NUMBER: 2022 CV 05384 Docket ID: 700370985**
**Mike Foley**
**CLERK OF COURTS MONTGOMERY COUNTY OHIO**

MONTGOMERY COMMON PLEAS COURT / GENERAL DIVISION
CIVIL CASE INFORMATION

This document has been automoatically generated by the Electronic Filing System

| PARTICIPANT NAME | TYPE | ATTORNEY FOR PARTY |
|---|---|---|
| JIMMIE  GREEN | MAIN PLAINTIFF | BRUCE |
| HART  COOLEY LLC | MAIN DEFENDANT | |

| CATEGORY | VALUE |
|---|---|
| CASE TYPE | Civil |
| JURY DEMAND | Yes |
| PRAYER AMOUNT | 0 |
| ACTION TYPE | CIVIL ALL OTHER |
| TYPE OF RESOLUTION | |
| PARCEL NUMBER (MORTGAGE FORECLOSURE ONLY) | |

**REFILING INFORMATION**

| CASE NUMBER | JUDGE | MAIN PLAINTIFF | MAIN DEFENDANT |
|---|---|---|---|

**SUITS INVOLVING LIKE ISSUES AND SIMILAR PARTIES**

| CASE NUMBER | JUDGE | MAIN PLAINTIFF | MAIN DEFENDANT |
|---|---|---|---|

The Filer submitted this information and the document was generated.
Filer:  Matthew G. Bruce

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Thursday, December 1, 2022 9:47:06 AM
CASE NUMBER: 2022 CV 05384 Docket ID: 774824695
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

**MIKE FOLEY**
**MONTGOMERY COUNTY CLERK OF COURTS**
**41 N. PERRY STREET, DAYTON, OHIO 45422**

# INSTRUCTIONS FOR SERVICE

JIMMIE  GREEN
**PLAINTIFF/PETITIONER**


HART  COOLEY LLC
**DEFENDANT/RESPONDENT**

**PLEASE ISSUE SERVICE TO:** (Name and Address)
HART  COOLEY LLC
1 LAU PKWY.
ENGLEWOOD, OH  45322

HART  COOLEY LLC
CO CT CORP. SYSTEM STAT. AGENT
4400 EASTON COMMONS WAY SUITE 125
COLUMBUS, OH  43219

**VIA:**  Service by Clerk

**SERVICE PROVIDER:**

**TO BE SERVED** (List all Documents to be Served)
Complaint FOR DAMAGES AND INJUNCTIVE RELIEF

**Electronically Requested by:**  Matthew G. Bruce

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
2022-12-01T10:39:08.92
CASE NUMBER: 2022 CV 05384 Docket ID: 150204475
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

| **PLAINTIFF** | **CASE NUMBER** |
|---|---|
| JIMMIE GREEN | 2022 CV 05384 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| HART COOLEY LLC | 391482614062 |

**TO THE FOLLOWING NAMED DEFENDANT:**

HART COOLEY LLC
1 LAU PKWY.
ENGLEWOOD OH 45322

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**

JIMMIE GREEN
3077 PINNACLE PARK DR.
MORAINE, OH  45439

**PLAINTIFF ATTORNEY:**

MATTHEW G BRUCE
11260 CHESTER RD   STE 825
CINCINNATI, OH 45246

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Thursday, December 1, 2022**
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

**PLAINTIFF**                                                              **CASE NUMBER**

JIMMIE GREEN                                                              2022 CV 05384

**VS**

**DEFENDANT**                                                          **ARTICLE NUMBER**

HART COOLEY LLC                                                      391482614062

**TO THE FOLLOWING NAMED PARTY:**

HART COOLEY LLC
1 LAU PKWY.
ENGLEWOOD, OH 45322

### RETURN OF SERVICE(PERSONAL)

|  | **FEES** |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2022, at ____ o'clock ____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2022.

By _____

### RETURN OF SERVICE(RESIDENCE)

|  | **FEES** |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2022, at ____ o'clock ____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2022.

By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

|  | **FEES** |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2022, at ____ o'clock ____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____

By _____

PAGE INTENTIONALLY LEFT BLANK

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

**PLAINTIFF**                                                    **CASE NUMBER**

JIMMIE GREEN                                                   2022 CV 05384

**VS**

**DEFENDANT**                                                   **ARTICLE NUMBER**

HART COOLEY LLC                                               391482626743

**TO THE FOLLOWING NAMED DEFENDANT:**

HART COOLEY LLC
CO CT CORP. SYSTEM STAT. AGENT
4400 EASTON COMMONS WAY SUITE 125
COLUMBUS OH 43219

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**

JIMMIE GREEN
3077 PINNACLE PARK DR.
MORAINE, OH  45439

**PLAINTIFF ATTORNEY:**

MATTHEW G BRUCE
11260 CHESTER RD   STE 825
CINCINNATI, OH 45246

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Thursday, December 1, 2022**
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

| **PLAINTIFF** | **CASE NUMBER** |
|---|---|
| JIMMIE GREEN | 2022 CV 05384 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| HART COOLEY LLC | 391482626743 |

**TO THE FOLLOWING NAMED PARTY:**

HART COOLEY LLC

CO CT CORP. SYSTEM STAT. AGENT

4400 EASTON COMMONS WAY SUITE 125

COLUMBUS, OH 43219

## RETURN OF SERVICE(PERSONAL)

**FEES**

SERVICE     $_____

MILEAGE     _____

TOTAL     $_____

DATE     _____

I received the document on _____, 2022, at ____ o'clock ____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2022.

By _____

## RETURN OF SERVICE(RESIDENCE)

**FEES**

SERVICE     $_____

MILEAGE     _____

TOTAL     $_____

DATE     _____

I received the document on _____, 2022, at ____ o'clock ____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2022.

By _____

## RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

SERVICE     $_____

MILEAGE     _____

TOTAL     $_____

DATE     _____

I received the document on _____, 2022, at ____ o'clock ____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____

By _____

PAGE INTENTIONALLY LEFT BLANK

Case: 3:22-cv-00378-WHR-CHG Doc #: 1-1 Filed: 12/29/22 Page: 29 of 30 PAGEID #: 33

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Friday, December 02, 2022 6:18:34 PM
CASE NUMBER: 2022 CV 05384 Docket ID: 582326419
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO



December 03, 2022

Dear Customer,

The following is the proof-of-delivery for tracking number: 391482626743

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Receptionist/Front Desk |
| Signed for by: | M.MAHMO | Delivery Location: | 4400 EASTON CMNS 125 |
| Service type: | FedEx Express Saver | | |
| Special Handling: | Deliver Weekday; Direct Signature Required | | COLUMBUS, OH, 43219 |
| | | Delivery date: | Dec 2, 2022 09:16 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 391482626743 | Ship Date: | Dec 1, 2022 |
| | | Weight: | 0.5 LB/0.23 KG |

**Recipient:**
HART COOLEY LLC
CO CT CORP. SYSTEM STAT. AGENT
4400 EASTON COMMONS WAY SUITE 125
COLUMBUS, OH, US, 43219

**Shipper:**
MIKE FOLEY, CLERK OF COURTS
41 N PERRY ST
ROOM 104
DAYTON, OH, US, 45422

**Reference**          2022 CV 05384



Thank you for choosing FedEx

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Friday, December 02, 2022 5:38:34 PM
CASE NUMBER: 2022 CV 05384 Docket ID: 870398829
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO



December 03, 2022

Dear Customer,

The following is the proof-of-delivery for tracking number: 391482614062

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Shipping/Receiving |
| **Signed for by:** | T.SMITH | **Delivery Location:** | 1 LAU PKWY |
| **Service type:** | FedEx Express Saver | | |
| **Special Handling:** | Deliver Weekday; Direct Signature Required | | ENGLEWOOD, OH, 45322 |
| | | **Delivery date:** | Dec 2, 2022 11:02 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 391482614062 | **Ship Date:** | Dec 1, 2022 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
HART COOLEY LLC
1 LAU PKWY.
ENGLEWOOD, OH, US, 45322

**Shipper:**
MIKE FOLEY, CLERK OF COURTS
41 N PERRY ST
ROOM 104
DAYTON, OH, US, 45422

**Reference**          2022 CV 05384



Thank you for choosing FedEx